

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00050-CV

_____

LATASHA JAMES, Appellant

V.

THOMAS W. KRUDEWIG, CRNA, PLLC, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 15-0689

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Latasha James filed a health care liability lawsuit against Thomas W. Krudewig CRNA, PLLC (the PLLC). In this case, it is undisputed that James failed to timely file an expert report under Section 74.351 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (West Supp. 2016). Consequently, the trial court dismissed James' lawsuit and assessed $3,087.56 in attorney fees against her. In an argument raised for the first time on appeal, James contends that the trial court erred in dismissing the lawsuit because an expert report was not required to establish Krudewig's negligence. We affirm the trial court's judgment because we conclude that the issue raised on appeal is not preserved for our review.

During her pregnancy, James was required to undergo a McDonald Cerclage medical procedure at Good Shepherd Medical Center in Marshall, Texas. During the procedure, Krudewig, a certified registered nurse anesthetist, administered spinal anesthesia to James. James was released from the day surgery, but returned to the emergency room on the following day after experiencing numbness in her lower extremities and uncontrollable head movement. Thereafter, James continued to experience uncontrollable head movement, pain in her buttocks, tingling and pain in her back, and loss of bladder control, all of which affected her daily activities.

Although medical professionals opined that her symptoms could have been caused by organic brain disease, Parkinson's disease, or an allergic reaction to local anesthesia, James sued the PLLC. In her amended petition, James alleged that Krudewig, the PLLC's agent, was negligent in (1) failing to provide full disclosure of the risks and hazards of the administration of spinal anesthesia, (2) failing to obtain an informed consent form, which would have also provided a full

2

disclosure of the risks and hazards of the administration of spinal anesthesia, and (3) failing to inform post-surgery health care providers that James' symptoms were consistent with spinal hematoma or risks associated with the administration of spinal anesthesia.[1]  James also alleged that the breach of the duty of care caused her damages.

James' original petition was filed on September 30, 2015.  The PLLC answered the lawsuit on October 28, 2015.  On March 8, 2016, the PLLC filed a motion to dismiss James' health care liability claims because she had failed to timely file an expert report.  Although James filed no response to the PLLC's motion, the trial court scheduled a hearing on the motion for April 1, 2016.

The trial court provided notice of the hearing to James' counsel and also tried to contact James' counsel by telephone, but counsel did not appear at the dismissal hearing.  The PLLC introduced an email chain between its counsel and James' counsel.  The email chain established that the PLLC's counsel informed James' counsel that he was prepared to file a motion to dismiss James' claims, but that the need for the motion would be eliminated if James agreed to non-suit the case in exchange for the possibility of the PLLC's waiver of the right to seek attorney fees. James' counsel responded that he was "unable to get [his] client to understand the [n]on-suit concept."  After reviewing these emails and hearing argument from the PLLC, the trial court granted the motion to dismiss James' health care liability claims and ordered James to pay $3,087.56 in attorney fees.

---

[1]James also alleged that Krudewig's "post surgery conduct" constituted gross negligence.

3

In front of the trial court, James did not respond to the PLLC's motion to dismiss her health care liability claims in any manner. Yet on appeal, she argues that the trial court erred in dismissing her case. Pursuant to Rule 33.1 of the Texas Rules of Appellate Procedure:

> As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.

TEX. R. APP. P. 33.1(a)(1)(A). Because James did not raise the issue raised on appeal before the trial court, error is not preserved for our review. *See id.*; *Petrohawk Props., L.P. v. Jones*, 455 S.W.3d 753, 782 (Tex. App.—Texarkana 2015, pet. dism'd).

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:    October 31, 2016
Date Decided:    November 8, 2016

4